# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HUMAN RIGHT FIRST, <br><br> Plaintiff, <br><br> v. <br><br> CHAD F. WOLF, as Acting Secretary Department of Homeland Security, *et. al.* <br><br> Defendants | Case No. 1:20-cv-3764 |

## DECLARATION OF NEAL J. SWARTZ

I, Neal J. Swartz, make the following declaration.

1. I am the Associate General Counsel for General Law, Office of the General Counsel for the U.S. Department of Homeland Security (DHS). I have held this position since June 2013. One of my responsibilities is to advise and assist in matters involving the Department's orders of succession. This includes reviewing and signing Federal Vacancy Reform Act notifications that are sent to both Houses of Congress, the Committee on Homeland Security and Governmental Affairs of the Senate, the Committee on Homeland Security of the House of Representatives, and the Comptroller General of the Government Accountability Office, in accordance with provisions of section 113(g)(3) of title 6, United States Code, and section 3349 of title 5, United States Code. This declaration is based on my personal knowledge and on information that I have obtained in the course of my official duties as the Associate General Counsel for General Law, DHS.

2. Pursuant to 6 U.S.C. § 113(g)(2) the Secretary of Homeland Security may designate officers of the Department in further order of succession to serve as Acting Secretary.

3. Then-Secretary Nielsen was presented with a memorandum titled "Designation of an Order of Succession for the Secretary," dated April 9, 2019, that included a proposed new Annex A. (This memorandum, dated April 9, 2019, is attached as Exhibit 1 to the declaration of Juliana Blackwell, signed December 29, 2020, which is simultaneously being filed on the docket in this case.) The memorandum and its attachment proposed amending the DHS order of succession to designate officials to serve as Acting Secretary, pursuant to the Secretary's authority under 6 U.S.C. § 113(g)(2). Then-Secretary Nielsen approved the proposed modification by affixing her signature at the bottom of the memorandum. As explained in that memorandum, her signature below the action line represented that she approved the attached document that modified the order of succession for the Secretary of Homeland Security. The memorandum's attachment established an order of succession for the position of Secretary of Homeland Security, without exceptions or limitations. Specifically, the memorandum's attachment, titled "Amending the Order of Succession in the Department of Homeland Security," stated that then-Secretary Nielsen had "designat[ed] the order of succession for the Secretary of Homeland Security as follows:". The list approved by the then-Secretary set out the order of succession for the officials who may serve as Acting Secretary. The list controlled the succession order for every vacancy in the office of the Secretary, no matter the reason for the vacancy.

4. The following day, DHS Delegation No. 00106 was amended to reflect and implement then-Secretary Nielsen's change to the order of succession for the Secretary of Homeland Security. The amendment was executed by placing a new Annex A in DHS Delegation

No. 00106. The amended DHS Delegation No. 00106 was then reissued as DHS Delegation No. 00106, Revision No. 8.5 titled "DHS ORDERS OF SUCCESSION AND DELEGATIONS OF AUTHORITIES FOR NAMED POSITIONS," issued December 15, 2016, and updated April 10, 2019. (Revision 8.5 to DHS Delegation No. 00106 is attached as Exhibit 2 to the declaration of Juliana Blackwell, signed December 29, 2020, which is simultaneously being filed on the docket in this case.). DHS Delegation No. 00106 is an administrative document that is periodically updated to consolidate and maintain in a single document the orders of succession for many senior positions in DHS. Modifications to an order of succession are effective immediately upon the Secretary's approval and signature, and not when those decisions are transposed into DHS Delegation No. 00106 at a later time. As an internal administrative document that is meant to collect the orders of succession, DHS Delegation No. 00106 itself cannot override or change official action taken by the Secretary.

5. When then-Secretary Nielsen resigned, both the Department of Homeland Security Deputy Secretary and the Under Secretary for Management positions were vacant.

6. Therefore, then-Secretary Nielsen's signed order designating the DHS order of succession for Acting Secretary, pursuant to her authority under 6 U.S.C. § 113(g)(2), was effective when she signed the order on April 9, 2019, and controls the order of succession should a discrepancy or conflict exist between her signed order and DHS Delegation No. 00106, Revision No. 8.5. In fact, the April 9, 2019 signed order would have controlled the order of succession even if DHS Delegation No. 00106 was never updated to reflect the April 9, 2019 change.

7. The document attached as Exhibit 1 is a true and correct copy of a memorandum titled "Federal Vacancies Reform Act Submission," issued by the Associate General Counsel

for General Law, dated April 11, 2019 with an attachment "Vacancy and Designation of an acting officer, DHS – Secretary."

8. The document attached as Exhibit 2 is a true and correct copy of an "Order Designating the Order of Succession for the Secretary of Homeland Security" issued by Peter T. Gaynor on November 14, 2020.

In accordance with 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed this 29th day of December, 2020 in Bethesda, MD.

_____
Neal J. Swartz
Associate General Counsel for General Law
Office of the General Counsel
Department of Homeland Security

# EXHIBIT 1



Office of the General Counsel
Department of Homeland Security
Washington, DC 20528

APR 1 1 2019

The Honorable Michael R. Pence
President of the Senate
S-212, Capitol Building
Washington, DC 20510

Re: Federal Vacancies Reform Act Submissions

Dear Mr. Vice President:

On behalf of the Department, I submit forms for a *vacancy and designation of an acting officer* for positions that are covered by the Federal Vacancies Reform Act of 1998, Pub. L. No. 105-277 as codified in 5 U.S.C. § 3345 *et seq.*

Should you have any questions or otherwise require agency contact in this matter, please contact Mr. Leo Boucher at (202) 447-3623 or via email at leo.boucher@hq.dhs.gov.

Sincerely,

Neal J. Swartz
Associate General Counsel for General Law

Attachments:
Vacancy and Designation of an acting officer, DHS - Secretary

## Submission Under the Federal Vacancies Reform Act

**Addressees**

- ● President of the United States Senate
- ○ Speaker of the U.S. House of Representatives
- ○ Comptroller General of the United States

**This Report Provides Notification of:**

- ● Vacancy
- ● Designation of acting officer
- ○ Nomination
- ○ Action on nomination
- ○ Change in previously submitted reported information
- ○ Discontinuation of service in acting role (date: _____)

**Name of Department or Agency and Any Suborganization**

U.S. Department of Homeland Security, Office of the Secretary

| Vacancy Title | Date Vacancy Began |
|---|---|
| Secretary | 04/10/19 |

| Name of Acting Officer | Date Service Began | Authority for Acting Designation if Other Than Vacancies Act |
|---|---|---|
| Kevin K. McAleenan | 04/11/19 | 6 U.S.C. § 113(g)(2) |

| Name of Nominee for Position | Date Nomination Submitted |
|---|---|
| | |

**Action on Nomination:** ○ Confirmed  ○ Rejected, withdrawn, returned   **Date of Action**

**Agency Contact**

Name and Title: Leo E. Boucher III, Asst. General Counsel, Administrative Law, General Law Division

Contact's Address: Department of Homeland Security

Contact's Phone Number: (202) 447-3623

Contact's E-Mail Address: leo.boucher@hq.dhs.gov

**Submitted By**

Name and Title: Neal J. Swartz, Associate General Counsel for General Law

Telephone Number: (202) 282-8377

Signature: [signed]

Date: APR 1 1 2019

**For Congressional Use Only**

Committee of Jurisdiction

Date Received

**For GAO Use Only**

GAO Control Number

2/8/00

# EXHIBIT 2

Order Designating the Order of Succession
for the Secretary of Homeland Security

(a) By any authority vested in me as Acting Secretary of Homeland Security, including the Homeland Security Act of 2002, 6 U.S.C. § 113(g)(2), and notwithstanding any Department of Homeland Security (DHS) prior delegation, directive, instruction, policy, or other document of any kind, including without limitation DHS Delegation No. 00106, I hereby designate the order of succession for the Secretary of Homeland Security as follows:

Order of Succession for the Secretary of Homeland Security
*Pursuant to Title 6, United States Code, Section 113(g)(2)*

1. Deputy Secretary of Homeland Security;

2. Under Secretary for Management;

3. Commissioner of the U.S. Customs and Border Protection

4. Under Secretary for Strategy, Policy, and Plans;

5. Administrator and Assistant Secretary of the Transportation Security Administration; and

6. Administrator of the Federal Emergency Management Agency.


(b) No individual who is serving in an office listed in paragraph (a) in an acting capacity, by virtue of so serving, shall act as Secretary pursuant to this order.

(c) I am issuing this Order out of an abundance of caution and to minimize any disruption occasioned by a recent Government Accountability Office (GAO) opinion (B-331650 (Comp. Gen., Aug. 14, 2020)) and recent challenges filed in Federal court alleging that the November 8, 2019, order of succession issued by then-Acting Secretary Kevin McAleenan was not valid. I believe that the GAO's opinion and the plaintiff's arguments in those court cases are incorrect and present an unnecessary distraction to the mission of the Department of Homeland Security. Nevertheless, under GAO's view, no Secretary has ever properly invoked 6 U.S.C. § 113(g)(2) "[to] designate such other officers of the Department in further order of succession to serve as Acting Secretary." In that case, the Federal Vacancies Reform Act (FVRA) would provide an alternative basis for an official to exercise the functions and duties of the Secretary temporarily in an acting capacity. As the most senior successor listed in Executive Order 13753, 81 Fed. Reg. 90667 (Dec. 9, 2016), in accordance with the President's advance exercise of his authority to name an Acting Secretary under the FVRA, and without casting doubt on the continued validity of the Amendment to the Order of Succession for the Secretary of Homeland Security issued by Acting Secretary McAleenan on November 8, 2019, I am relying on any authority I may have been granted by the FVRA to designate the order of succession for the Secretary of Homeland Security pursuant to 6 U.S.C. § 113(g)(2), as specified and directed in paragraph (a) of this Order. Upon my signature, any authority that I may have been granted by the FVRA will terminate because 6 U.S.C. § 113(g)(2) applies "[n]otwithstanding chapter 33 of title 5."

(d) This Order Designating the Order of Succession for the Secretary of Homeland Security shall be effective immediately upon the affixing of the signature of the undersigned.

Dated:

_____
Peter T. Gaynor
Department of Homeland Security

14 NOV 2020
1745