IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMAN RIGHTS FIRST, <br><br> *Plaintiff*, <br><br> v. <br><br> CHAD F. WOLF, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:20-cv-3764 (TSC) |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' JANUARY 19 NOTICE

On January 19, 2021, Defendants notified the Court that Defendant Chad F. Wolf promulgated yet another order of succession, resigned, and then purportedly ratified his prior actions as Acting Secretary of Homeland Security.

Nothing in Defendants' submission undercuts Plaintiff Human Rights First's position that Mr. Wolf lacked authority to occupy the role of Acting Secretary, *see* ECF No. 5 at 13–16, that even proper acting officials lack authority to alter the DHS order of succession, *see id.* at 13, and that the Rule was void *ab initio* and cannot be ratified, *see id.* at 16. Accordingly, for the reasons already stated in Plaintiff's Complaint, ECF No. 1, and preliminary injunction briefing, ECF Nos. 5 and 8, neither the January 11 order of succession nor the January 14 ratification has legal effect. *See also* Compl. ¶¶ 178–90, *Tahirih Justice Center et al. v. Gaynor et al.*, 1:21-cv-00124-TSC (D.D.C.). Mr. Wolf's latest attempt at ratification is also ineffective for additional, independent reasons. Human Right First is prepared to brief fully the legal issues presented by Defendants' January 19 notice at the Court's request.

In addition, Mr. Wolf's lack of authority to issue the Rule is only one of many reasons that the Rule must be enjoined in its entirety, as set forth in Human Rights First's pending motion for preliminary injunction. *See* ECF No. 5, at 16–32, 43. These reasons each provide independent

bases for an order enjoining the entire Rule, and no court has yet resolved them. Although the Rule is currently subject to a preliminary injunction issued by a federal district court in California on the ground that Mr. Wolf lacked authority, *see* ECF No. 13, Human Rights First still faces an imminent risk of irreparable harm posed by the threat of the Rule's implementation, *see Nw. Immigrant Rights Project v. USCIS*, No. 19-cv-3283, 2020 WL 5995206 at *31–32 (Oct. 8, 2020) (finding that a parallel injunction "does not remove the risk that Plaintiffs will suffer irreparable injury absent action by this Court"). Defendants' recent attempts to alter the legal landscape on the subject of Mr. Wolf's authority demonstrate that they "have not committed to stand down in the parallel litigation," *id.*, and underscore the continued need for injunctive relief in this case.

Dated: January 19, 2021                            Respectfully submitted,

                                               /s/ Ana C. Reyes
                                             Ana C. Reyes (D.C. Bar No. 477354)
Melinda K. Johnson (D.C. Bar No. 1620229)
Emma J. Nino[*]
Helen E. White[**]
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
areyes@wc.com

---

[*] Practice supervised by D.C. Bar members pursuant to D.C. Court of Appeals Rule 49(c)(8), and certification to practice pursuant to LCvR 83.2(g) submitted to the Court.
[**] Practice supervised by D.C. Bar members pursuant to D.C. Court of Appeals Rule 49(c)(8), certification to practice pursuant to LCvR 83.2(g) is forthcoming.