UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMAN RIGHTS FIRST,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS,[1] *et al.*,<br><br>Defendants. | Civil Action No. 1:20-cv-3764-TSC |

**JOINT STATUS REPORT**

---

[1] On February 2, 2021, Alejandro Mayorkas became the Secretary of Homeland Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as a party

# REPORT

On May 7, 2021, the Court continued the stay entered in this case on February 5, 2021, and ordered the parties to file a joint status report by August 9, 2021, and every 30 days thereafter. The parties have met and conferred by email and agree that these proceedings should remain stayed, as long as the preliminary injunction entered in *Pangea Legal Servs. v. U.S. Dep't of Homeland Sec.*, No. 3:20-cv-09253-JD (N.D. Cal. Jan. 8, 2021), and *Immigration Equality v. U.S. Dep't of Homeland Sec.*, 3:20-cv-09258-JD (N.D. Cal. Jan. 8, 2021), remains in place. Both *Pangea Legal Servs.* and *Immigration Equality* are administratively closed with the terms of the preliminary injunction remaining in effect pending further order. *See* ECF No. 97, *Pangea Legal Servs.*, No. 3:20-cv-09253-JD (N.D. Cal. Feb. 4, 2022).

The Departments are working on two Notices of Proposed Rulemaking that will address several of the topics addressed in the Global Asylum Rule: Asylum and Withholding Definitions, *available at:* https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202110&RIN=1615-AC65 (last visited May 4, 2022), and Procedures for Asylum and Withholding of Removal; Credible Fear and Reasonable Fear Review, *available at:* https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202110&RIN=1615-AC42 (last visited May 4, 2022), and have made progress on their review.

The Departments represent that they have been, and continue to, make completing their review a priority and will release the first proposed rule above in the near future. The Departments seek, and Plaintiffs consent to, a further stay at this time. Per the Court's October 29, 2021 Order, the parties will submit a status report within 60 days—by July 12, 2022—updating the Court on the status of the Rule. This request is without prejudice to either side requesting, prior to the filing of the 60-day status report, to have the case recalendared.

Respectfully submitted,

| | | | |
|---|---|---|---|
| By: | /s/ *Ana C. Reyes*<br>Ana C. Reyes<br>Emma J. Nino[2]<br>WILLIAMS & CONNOLLY LLP<br>725 Twelfth Street, NW<br>Washington, DC 20005<br>Tel: (202) 434-5000<br>areyes@wc.com | By: | /s/ *Lindsay M. Vick*<br>LINDSAY M. VICK<br>Senior Litigation Counsel<br>U.S. Department of Justice, Civil Division<br>P.O. Box 878, Ben Franklin Station<br>Washington, DC 20044<br>Tel. (202) 532-4023<br>Lindsay.Vick@usdoj.gov |
| | *Counsel for Plaintiff* | | *Counsel for Defendants* |

Dated: May 13, 2022

---

[2] Practice pursuant to LCvR 83.2(g) and supervised by D.C. Bar members pursuant to D.C. Court of Appeals Rule 49(c)(8).